UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MIRIAM C. DICKENS,<br><br>                          Plaintiff,<br>v.<br><br>NBS DEFAULT SERVICES, LLC, et al.,<br><br>                         Defendants. | Case No.: 17cv1610-LAB (RBB)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

Plaintiff Ana Miriam C. Dickens, proceeding *pro se*, filed an action in state court challenging the nonjudicial foreclosure on her home. After removing the case, Defendant Wells Fargo Bank, N.A. moved to dismiss, and supported its motion with a request for judicial notice.

**Judicial Notice**

Under Fed. R. Evid. 201, the Court can take judicial notice of facts not subject to reasonable dispute. Dickens does not oppose judicial notice and does not dispute the authenticity of any of the documents. In fact, her opposition cites and relies on several of the documents. She disputes facts stated in some of the documents, however. For example, she says the Notice of Default overstates the amount of default in that it fails to credit her for payments she made. She also

1

reads the declaration in support of the Notice of Default as saying she was contacted, and says neither Defendant contacted her. Similarly, she says the Notice of Trustee's Sale fails to properly credit her for payments she made.

The only exhibit that is not properly the subject of judicial notice is Exhibit C, a letter from the Office of Thrift Supervision authorizing World Savings Bank, FSB to amend its charter and bylaws to change its name to Wachovia Mortgage. While the letter itself cannot be noticed, the fact of World Savings Bank's name change is well-documented in public records and can be noticed. *See, e.g., Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 967 (9th Cir. 2017) (reciting the history of Wachovia and World Savings Bank); *Rucker v. Wells Fargo Bank, N.A.*, 605 Fed. Appx. 670 (9th Cir. 2015) (in the case caption, identifying Wells Fargo as "Successor by Merger with Wachovia Mortgage FSB formerly World Savings Bank FSB"). The request is **GRANTED IN PART** as to Exhibit C, as noted. And the request is **GRANTED** as to all other exhibits.

**Legal Standards**

A motion to dismiss challenges the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Plaintiffs. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.*S., 497 F.3d 972, 975 (9th Cir. 2007).

A motion to dismiss under Rule 12(b)(6) is evaluated by looking at the complaint itself, documents incorporated into the complaint by reference, and any relevant matters of which judicial notice may be properly taken. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Documents incorporated by reference include those whose authenticity is not contested, and upon which the complaint necessarily relies, regardless of the extent to which it is mentioned in the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Matters properly subject to judicial notice can also be considered when ruling on a 12(b)(6) motion to dismiss. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court may treat such documents as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The well-pleaded facts must do more than permit the Court to infer "the mere possibility of misconduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To defeat the motions to dismiss, the factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, a plaintiff must plead facts, not mere "labels and conclusions." *Id.*

Legal conclusions, unlike facts, are not presumed to be true and the Court need not accept them as such or rely on them even if they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Likewise, the Court need not accept allegations that contradict matters subject to judicial notice. *Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544, 551 (9th Cir. 2014).

In assessing the adequacy of a complaint, the Court need not look to explanations provided in the opposition. New or expanded allegations in opposition to a motion to dismiss are considered when deciding whether to grant leave to amend, but are not considered when ruling on a 12(b)(6) motion. *See Schneider v. Cal. Dep't of Corr. & Rehab.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). *See also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

When a complaint is dismissed for failure to state a claim, ordinarily leave to amend is granted. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). But leave to amend will be denied where it is clear the complaint cannot be saved by amendment. *Id.*

3
17cv1610-LAB (RBB)

Although California pleading standards applied to the complaint before removal, federal pleading standards apply now. *See Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 416 n.1 (holding that federal pleading standards apply to state-law causes of action in federal court).

**Discussion**

**Allegation that Wells Fargo is Not the Beneficiary**

Dickens' allegations about who the current beneficiary is under the deed of trust are legal conclusions, not factual allegations. The judicially noticed documents show Wells Fargo succeeded as beneficiary to the deed of trust, and Wells Fargo's motion to dismiss correctly traces the succession. (*See* Docket no. 4 at 13:7–14:5.) Her allegation that World Savings Bank is a "defunct banking corporation" is also incorrect.

The judicially noticed materials and facts show that the deed of trust was executed in favor of World Savings Bank, F.S.B. and its successors and/or assignees. (Ex. A.) Through a series of name changes and mergers, Wells Fargo Bank, N.A. became the successor World Savings Bank, and is therefore the beneficiary of the deed of trust just as it claims to be. This is not subject to any reasonable dispute, Dickens' conclusory allegations to the contrary notwithstanding. *See Carbajal v. Wells Fargo Bank, N.A.*, 697 Fed. Appx. 555, 556 (9th Cir. 2017) ("The district court properly relied on judicially noticed documents to find Wells Fargo obtained beneficial interest of the loan [secured by a promissory note or deed of trust] as a successor of World Savings Bank.")

**Allegation that Defendants Did Not Comply with Legal Obligations**

Dickens' allegations about which provision of law applies to her claim, and what the requirements are, are not entitled to a presumption of truth.

Dickens brings claims under California's Homeowner's Bill of Rights ("HBOR"), and cites California Civil Code § 2923.5. That section was replaced with Civil Code § 2923.55, effective January 1, 2013. *Shaw v. Ocwen Loan*

*Servicing, LLC*, 2016 WL 7048979 at *4 (N.D. Cal., Dec. 5, 2016). This new section requires that a mortgage servicer contact the borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," thirty days prior to recording a notice of default. *Id.* The complaint alleges that Defendants did not contact Dickens, and Wells Fargo does not claim otherwise.

But this section includes an exception if the lender undertakes due diligence to attempt to contact the homeowner. That is what Wells Fargo maintains it did, and Dickens has not alleged either that Wells Fargo did <u>not</u> undertake the required due diligence, or that its efforts were insufficient. Furthermore, the complaint does not allege facts suggesting that any violation of the HBOR was material. It only mentions that she was not contacted by phone or in person[1] — not that she was not contacted at all, or that she did not find the information she needed some other way. Nor has she alleged facts showing she was harmed by the claimed HBOR violation. *See Shumake v. Caliber Home Loans, Inc.*, 2017 WL 1362681 at *5 (C.D. Cal., Jan. 6, 2017) (citing Civil Code §§ 2924.10, 2924.17, and 2923.55) (holding that HBOR violations are only actionable if they are material); *Colbert v. Sage Point Lender Servs., LLC*, 2014 WL 7409291 at *7 (E.D. Cal., Dec. 30, 2014) (dismissing claim for failure to allege actual economic harm from HBOR violations).

Although Wells Fargo argues that the Court should assume its declaration regarding due diligence is true, the Court cannot make that assumption when ruling on a 12(b)(6) motion.

/ / /

---

[1] Each time the complaint alleges the lender's and loan servicer's failure to contact Dickens, it specifies "in person or by telephone." (Compl., ¶¶ 1, 21, 22, 28, 40, The allegations are entirely consistent with some other kind of contact, such as a letter or email advising Dickens of her rights or asking her to contact Wells Fargo.

**Allegations of Negligence, Constructive Fraud, and Concealment**

Dickens' allegations that Defendants' alleged negligence is actionable are legal conclusions, and are not presumed true. A duty of care is a prerequisite for a negligence claim. *Davis v. Nationstar Mortgage, LLC*, 2016 WL 7178466 at *8 (E.D. Cal., Dec. 9, 2016) (citing cases). And a lender generally owes no duty of care to borrower with regard to lending and servicing the mortgage loan, and attempting to foreclose on property. *Id.*; *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 23 Cal. App. 3d 1089, 1095–96 (Cal. App. 3 Dist. 1991) (holding that, ordinarily, a financial institution acting within the scope of its conventional activities as a lender owes no duty of care to a borrower).

Constructive fraud, unlike ordinary fraud, applies only in the context of a fiduciary or confidential relationship. *Apostol v. CitiMortgage*, 2013 WL 6328256 at *9 (N.D. Cal., Nov. 21, 2013) ("[I]n order to allege a claim for constructive fraud, there must be a fiduciary or confidential relationship between the parties.") As noted, Dickens has not alleged facts to suggest any fiduciary or other confidential relationship.

Similarly, a claim of fraud through nondisclosure or concealment requires a legal duty of disclosure, such as through a fiduciary or confidential relationship. *See Kovich v. Paseo Del Mar Homeowners' Ass'n*, 41 Cal. App. 4th 863, 866 (Cal. App. 2 Dist. 1996). Dickens has not alleged facts sufficient to show that such a duty or relationship existed.

Furthermore, the complaint alleges that the non-disclosed facts pertained to the securitization of loans and plans for transferring the note at the time Dickens entered into her loan. (Compl., ¶¶ 114–121.) It concludes that she was materially harmed by the non-disclosure. But there is no explanation of how any of those facts led to the foreclosure, or otherwise harmed Dickens.

/ / /

/ / /

6

17cv1610-LAB (RBB)

**Intentional Infliction of Emotional Distress**

The elements of a claim of intentional infliction of emotional distress include, among other things, the extreme and outrageous conduct by the defendant with the intention of causing emotional distress. *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 945 (Cal. App. 1 Dist. 2017). This element may also be satisfied by the reckless disregard of the probability of causing such distress. The conduct is "outrageous" when it is so extreme as to exceed all bounds of what is usually tolerated in a civilized community. *Id.*

Dickens has not alleged any "extreme and outrageous conduct" by Defendants, as courts define such conduct. Nor has she pled facts leading to a plausible inference that Defendants satisfied either the intent or reckless indifference element.

**Slander of Title**

Dickens alleges that recordation of the notices of default and notice of sale amounted to slander of title because they were "malicious or without authority". (Compl., ¶ 74.) She alleges this is so because "none of the Defendants have perfected any claim of title or security interest in the Property" and that the "mortgages" were not legally or properly acquired. (*Id.,* ¶ 75–76.)

Her allegations in support of this claim are almost wholly conclusory, and conflict with the judicially-noticed documents showing that Wells Fargo is in fact the beneficiary.

**Other Claims**

Dickens claims for declaratory relief; her claim under Cal. Bus. & Prof. Code § 17200, *et seq.*; and her claim to quiet title fail for the same reasons set forth above.

Dickens vaguely refers to failure to properly credit her mortgage payments, but she never says what this means. For example, she does not identify any payments she made that she was not correctly credited with, or suggest the

amount of those payments. Nor does she even suggest what was improper about how they were credited. The first time reference to such payments occurs is in the middle of paragraph 21. (*See also* ¶¶ 22, 47, 49, 55, 56, 107.) Given that the complaint alleges she "provided proof of the payments" to Defendants, she should be able to allege these facts.

**Rescission**

Rescission is a remedy, not a cause of action. *Wright v. Ocwen Loan Servicing, LLC*, 2011 WL 13223956 at *5 (C.D. Cal., July 12, 2011). Dickens asks that she be permitted to rescind the original loan. But for reasons set forth above, she has not pled any facts that would support the award of this equitable remedy.

Furthermore, although Wells Fargo did not raise the issue, the Court may require plaintiffs seeking to rescind a home mortgage loan to tender ability to pay the loan. *See Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1269 n.48 (C.D. Cal. 2010). The reason for this rule is to avoid deciding moot issues or grant meaningless relief. *See Kmety v. Bank of America, Inc.*, 2011 WL 4566441 at *2 (S.D. Cal., Sept. 30, 2011). *See also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 278 (1977) (federal courts must raise jurisdictional issues, *sua sponte* if necessary). Before entertaining any claim for rescission, the Court requires that Dickens tender ability to repay the amount of the loan.

**Dickens' Other Arguments**

Dickens' opposition raised numerous arguments, none of which show that the complaint is adequately pled. Dickens concedes that the motion has some merit, however, and argues that the problems it has identified can be cured by amendment. (Opp'n, Docket no. 8, at 3:16–20.)

**Conclusion and Order**

The Court finds that the complaint fails to state a claim. Because it is not absolutely clear the complaint cannot be saved by amendment, the complaint is **DISMISSED WITHOUT PREJUDICE**. If Dickens believes she can successfully

8

17cv1610-LAB (RBB)

amend, she may file an *ex parte* motion for leave to amend (without obtaining a hearing date) that complies with Civil Local Rule 15.1(b). She must do so no later than **Thursday, April 5, 2018**. If she needs more time, she should file an *ex parte* application requesting an extension, and explaining why she needs more time. **If she does not seek leave to amend within the time permitted, and this action may be dismissed.**

Dickens' motion for leave to amend must not seek reconsideration of any of the Court's rulings in this order. If she wishes to ask the Court to reconsider any of its rulings, she must comply with Civil Local Rule 7.1(i) and the chambers Standing Order in Civil Cases. ¶ 4(j), both of which are available on the Court's public website.

If Dickens files a motion for leave to amend, Defendants may file an opposition no later than **14 calendar days from the date Dickens files her motion**. No reply is to be filed without leave. After any motion and opposition are filed, the Court may schedule a hearing if appropriate. Otherwise, the matter will be deemed submitted on the briefs.

**IT IS SO ORDERED**.

Dated: March 5, 2018

Hon. Larry Alan Burns
United States District Judge